Argued and submitted August 7, 2001, reversed and remanded in part; otherwise affirmed June 12, 2002

David YOUNG,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

99C-17171; A110865

47 P3d 926

John Hoag argued the cause and filed the briefs for appellant.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff appeals the trial court's judgment dismissing plaintiff's claims for wrongful discharge and breach of contract. Plaintiff argues that the trial court erred in applying a 90-day statute of limitations to his unlawful termination claim under *former* ORS 659.550 (1999).[1] We review for errors of law and reverse in part and remand.

Plaintiff left his employment with defendant, State of Oregon, in November 1998. Plaintiff filed a complaint in March 1999, alleging claims for wrongful discharge in violation of *former* ORS 659.550 and breach of contract. Plaintiff's statutory wrongful discharge claim alleged that, "[w]hile being employed by the State of Oregon [plaintiff] in good faith brought several proceedings against the employer" and that "the State of Oregon through its agents, elected officials, officers, and employees discriminated against [plaintiff] for having so brought the above referenced litigation * * * causing him to be constructively discharged." According to the complaint, such actions "violated Oregon statutory protections of ORS 659.550."[2]

Defendant moved to dismiss the wrongful discharge claim, arguing that the claim was barred by the statute of limitations because it had not been brought within 90 days, as required by *former* ORS 659.530 (1999).[3] Defendant also moved for summary judgment against plaintiff's breach of contract claim, contending that there was no enforceable contract. Plaintiff responded, with respect to the statutory claim, that his claim under *former* ORS 659.550 was subject to the one-year limitation specified in *former* ORS 659.121 (1999)[4] and not the 90-day limit of *former* ORS 659.530. Plaintiff also contended that there was an enforceable contract.

---

[1] Statute was amended by Oregon Laws 2001, chapter 621, section 63, and renumbered as ORS 659A.230 (2001). We hereafter refer to it as *former* ORS 659.550.

[2] The underlying proceedings were the subject of *Young v. State of Oregon,* 161 Or App 32, 983 P2d 1044, *rev den* 329 Or 447 (1999).

[3] Statute was amended by Oregon Laws 2001, chapter 621, section 45, and renumbered as ORS 659A.215 (2001). We hereafter referred to it as *former* ORS 659.530.

[4] Statute was repealed by Oregon Laws 2001, chapter 621, section 90.

The trial court granted summary judgment for defendant on plaintiff's contract claim and dismissed the statutory wrongful discharge claim as being barred by the 90-day statute of limitations specified in *former* ORS 659.530. We affirm without discussion the allowance of summary judgment on plaintiff's contractual claim.

The sole issue we address on appeal is whether plaintiff's wrongful discharge claim is subject to the one-year statute of limitations specified in *former* ORS 659.121(3) or, as the trial court concluded, the 90-day statute of limitations prescribed in *former* ORS 659.530.[5] We conclude that the one-year statute of limitations governs and consequently reverse the dismissal of plaintiff's wrongful discharge claim.

We begin by emphasizing that it is undisputed that plaintiff brought his claim under *former* ORS 659.550. *Former* ORS 659.550 provided, in part:

> "(1)  It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee * * * has in good faith brought a civil proceeding against an employer or has testified in good faith at a civil proceeding or criminal trial.

> "(2)  *Complaints may be filed by employees*, and this section shall be enforced by the Commissioner of the Bureau of Labor and Industries *in the same manner as provided in ORS 659.040 to ORS 659.110 and 659.121 for the enforcement of an unlawful employment practice.* Violation of subsection (1) of this section subjects the violator to the same civil and criminal remedies and penalties as provided in ORS 659.010 to 659.110, 659.121 and 659.470 to 659.545." (Emphasis added.)

Subsection (2) explicitly provided that "[c]omplaints may be filed * * * in the same manner as provided in ORS * * * 659.121." *Former* ORS 659.121(3), in turn, provided that,

---

[5] In cases brought under the current statutes, this is no longer an issue because the legislature has eliminated the 90-day statute of limitations. All unlawful employment practices covered by the statutes relevant to this case are now subject to a one-year statute of limitations. ORS 659A.875.

subject to exceptions not pertinent here, "the *civil suit or action shall be commenced within one year of the occurrence of the alleged unlawful employment practice.*" (Emphasis added.) Thus, through the incorporation of *former* ORS 659.121, a complaint alleging violation of *former* ORS 659.550 must be filed within one year of the alleged misconduct.

Notwithstanding *former* ORS 659.550's incorporation of the one-year statue of limitations, defendant argues that the applicable statute of limitations is the 90-day limit for claims pursuant to *former* ORS 659.510 (1999)[6] found in *former* ORS 659.530. *Former* ORS 659.510 provided:

"(1)  * * * *no public employer shall*:

"* * * * *

"(b) *Prohibit any employee from disclosing,* or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:

"(A) *A violation of any federal or state law*, rule or regulation by the state, agency or political subdivision;

"* * * * *

"(2)  No public employer shall invoke or impose any disciplinary action against an employee for employee activity described in subsection (1) of this section or ORS 659.525." (Emphasis added.)

*Former* ORS 659.530, in turn, provided:

"In addition to appeal proceedings of ORS 240.560 for a state employee and any comparable provisions for employees of political subdivisions and remedies available under ORS 659.035, *an employee alleging a violation of ORS 659.510 may bring a civil action for appropriate injunctive relief or damages, or both, within 90 days after the occurrence of the alleged violation.*" (Emphasis added.)

Thus, the 90-day limit in *former* ORS 659.530 applied solely to actions brought under *former* ORS 659.510.

---

[6] Statute was amended by Oregon Laws 2001, chapter 621, section 42, and was renumbered as ORS 659A.203 (2001). We hereafter referred to it as *former* ORS 659.510.

Defendant argues that *former* ORS 659.530 applies here because, even though that statute does not refer to *former* ORS 659.550, plaintiff's claim, while styled as one arising under *former* ORS 659.550, is, in substance, a claim under *former* ORS 659.510. That argument improperly conflates the distinct policies and purposes underlying *former* ORS 659.550 and *former* ORS 659.510.

*Former* 659.550, which applied to all employers, prohibited retaliation against an employee for instituting in good faith or cooperating in legal proceedings against the employer. Conversely, *former* ORS 659.510, which applies only to public employers, prohibits retaliation against a public employee for disclosing, *inter alia*, violations of state and federal law. Thus, one statute affords protection for commencing or cooperating in legal proceedings, and the other affords protection for disclosing violations of law.

Those policies are not coextensive, even with respect to public employees: A public employee may commence or cooperate in legal proceedings against his or her employer without disclosing violations of law; conversely, a public employee may disclose violations of law without bringing or participating in a lawsuit against the employer. Further, even when a public employee brings an action against his or her employer and those proceedings involve disclosure of unlawful conduct, a consequent retaliatory discharge may not necessarily implicate *former* ORS 659.510. For example, the employee may allege that he or she was discharged not because of any disclosure but, instead, for having sued the employer. Such a discharge would violate *former* ORS 659.550 and would be subject to the one-year statute of limitations.[7]

That is precisely what plaintiff alleged here. He alleged that he was discharged in retaliation for bringing a civil action against the state in violation of *former* ORS 659.550. He did not allege he was discharged for disclosing the state employer's violation of state and federal law. Regardless of whether in some cases the 90-day statute of

---

[7] Similarly, if a public employer retaliated for both reasons, the employee could allege violations of both *former* ORS 659.510 and *former* ORS 659.550, and each would be subject to its respective statute of limitations.

limitations of *former* ORS 659.530 might be implicated when an employee, in bringing an action, discloses violations of law, that is not this case. Plaintiff alleged only that he was discharged in violation of *former* ORS 659.550. Accordingly, his action is subject to the one-year statute of limitations in *former* ORS 659.121(3) governing actions under *former* ORS 659.550.

Because a claim alleging wrongful discharge pursuant to *former* ORS 659.550 is subject to the one-year statute of limitations provided in *former* ORS 659.121, the trial court erred in dismissing plaintiff's claim as being barred by a 90-day statute of limitations.

Reversed and remanded on wrongful discharge claim; otherwise affirmed.